IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER NEWTON WHITE                                                            PETITIONER

VS.                                        CASE NO. 5:23-CV-05140

DEXTER PAYNE, DIRECTOR
ARKANSAS DIVISION OF CORRECTION                                                     RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 23, 2023, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a Report and Recommendation. On September 1, 2023, the Court directed briefing on whether the Court possessed jurisdiction to consider the Petition. (ECF No. 9). Respondent filed a brief on September 19, 2023 (ECF No. 13), and Petition filed a brief for the Court's consideration on September 21, 2023. (ECF No. 14).

The Court has reviewed the Petition and recommends it be denied as successive. Petitioner was convicted of rape for molestation of his daughters in Benton County Circuit Court in 2003, and his convictions were affirmed on appeal. *White v. State*, 367 Ark. 595 (2006), cert. denied, *White v. Arkansas*, 550 U.S. 904 (2007). Post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Civil Procedure was denied. *White v. State*, 2008 WL 510514 (Dec. 4, 2008). Petitioner filed a habeas action in 2010, asserting claims of ineffective assistance of counsel which were rejected by the Court. *White v. Norris*, 2010 WL 936567 (E.D. Ark. March 15, 2010). Petitioner then sought permission of the Court of Appeals for the Eighth Circuit to file a successive habeas petition, alleging that his daughters had recanted their testimony, and asserting actual innocence. Notably, Petitioner presented essentially the same recantation Affidavits which are presented herein as Exhibits 1 and

2. (ECF No. 3-1, 3-2). Petitioner's request was denied. *White v. Kelley*, No. 19-1013 (8th Cir. 2019). Petitioner then asked the Arkansas Supreme Court to consider a petition for a writ of error coram nobis, alleging *Brady* violations; the Arkansas Supreme Court denied the petition. *White v. State*, 2021 Ark. 198 (Oct. 28, 2021). Petitioner then sought Rule 37 relief again in the Benton County Circuit Court; the relief was denied, *State v. White*, No. 04CR-03-1001 (Benton Cty. Cir. Ct. 2023), which is now on appeal to the Arkansas Supreme Court. *White v. State*, No. CR-23-154 (Ark. 2023).

The Court finds it lacks jurisdiction to proceed because Petitioner has not obtained the permission of the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2254 Rule 9. While Petitioner spends his brief trying to differentiate this habeas action from the earlier one the Eighth Circuit precluded in 2019, Petitioner does not explain why leave was not sought before filing this successive habeas action. Thus, it is recommended that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 3) be **DENIED** as the Court lacks jurisdiction to consider it.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 20th day of October 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE