IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER NEWTON WHITE                                   PLAINTIFF/PETITIONER

V.                          CASE NO.: 5:23-CV-5140

DEXTER PAYNE, Director,
Arkansas Department of Correction                          DEFENDANT/RESPONDENT

## ORDER

On October 20, 2023, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, submitted a Report and Recommendation ("R&R") (Doc. 15) as to Christopher Newton White's Petition for Habeas Relief pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommends denying the Petition. On November 11, 2023, Mr. White filed Objections to the R&R (Doc. 16), and Respondent Dexter Payne filed a Response (Doc. 17) in support of the R&R. In light of Mr. White's Objections, the Court conducted a *de novo* review of the record as required by 28 U.S.C. § 636(b)(1)(C).

Mr. White was convicted of rape in Benton County Circuit Court in 2003, and his convictions were affirmed on appeal. He was denied post-conviction relief under Rule 37 of the Arkansas Rules of Civil Procedure. He then filed his first habeas action in 2010, asserting claims of ineffective assistance. The District Court for the Eastern District of Arkansas denied his habeas petition on the merits. *See White v. Norris*, 2010 WL 936567 (E.D. Ark. Mar. 15, 2010). After that, Mr. White sought the Eighth Circuit's permission to file a successive habeas petition, arguing actual innocence and attaching declarations from the rape victims—his daughters—stating that they recanted their earlier

1

trial testimony. The Eighth Circuit denied Mr. White's request to file a successive petition. *See White v. Kelley*, No. 19-1013 (8th Cir. 2019).

To be clear, this is Mr. White's third request for habeas relief. He argues in his Objections that a "second or successive" petition does not mean "second in time," (Doc. 16, p. 4), and that since he has new proof of his actual innocence, the Petition should not be considered successive. However, the R&R correctly observes that Mr. White's actual-innocence arguments are not new at all; he presented them to the Eighth Circuit when requesting leave to file his second habeas petition—which the Eighth Circuit denied. *See White v. Kelley*, No. 19-1013 (8th Cir. 2019). Before a successive § 2254 application may be filed in district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Though it stands to reason that Mr. White would be reluctant to ask the Eighth Circuit for permission to file his third habeas petition, this is exactly what the law requires, and this Court is without jurisdiction to consider the matter further until such leave is granted.

**IT IS THEREFORE ORDERED** that the Objections are **OVERRULED**, the R&R is **ADOPTED** in full, and the Petition for Habeas Relief pursuant to 28 U.S.C. § 2254 (Doc. 3) is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED** on this 18th day of December, 2023.


        */s/ Timothy L. Brooks*
        TIMOTHY L. BROOKS
        UNITED STATES DISTRICT JUDGE